David C. Parisi (SB #162248)
dcparisi@parisihavens.com
Suzanne Havens Beckman (SB #188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
212 Marine Street, Ste. 100
Santa Monica, CA   90405
Tel: (818) 990-1299
Fax: (818) 501-7852
[Additional Counsel listed on Signature Page]

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY OLIVER, individually and on behalf of a class of similarly situated individuals,<br><br>              Plaintiff,<br><br>v.<br><br><br>THE MEN'S WEARHOUSE, a Texas corporation<br>              Defendant. | Case No. 16-cv-01100-TJH-AS<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**Violation of the Telephone Consumer Protection Act (47 U.S.C. § 227, et seq.)**<br><br>DEMAND FOR JURY TRIAL |

## <u>FIRST AMENDED CLASS ACTION COMPLAINT</u>

Plaintiff Anthony Oliver ("Plaintiff") brings this First Amended Class Action Complaint individually and on behalf of all others similarly situated, and, through his undersigned counsel, complains against Defendant The Men's Wearhouse, Inc. ("Defendant" or "Men's Wearhouse") to stop Defendant's

practice of making unsolicited text message calls to cellular telephones, and to obtain redress for all persons injured by its conduct.  Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**NATURE OF THE ACTION**

1.      In an effort to promote its men's apparel products, Men's Wearhouse, an operator of over 900 retail stores across the country, engaged in an invasive and unlawful form of marketing: the transmission of unauthorized advertisements in the form of "text message" calls to the cellular telephones of consumers throughout the nation.

2.      By effectuating these unauthorized text message calls, Defendant has violated consumers' statutory and privacy rights and caused actual harm to consumers, not only because consumers were subjected to the aggravation and invasion of privacy that necessarily accompanies unauthorized text message calls, but also because consumers have to pay their cell phone service providers for the receipt of such calls.

3.      In order to redress these injuries, Plaintiff, on behalf of himself and a nationwide class of similarly situated individuals, brings this suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), which prohibits unsolicited voice and text calls to cellular phones.

4.      On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized text message activities, an award of the greater of actual or statutory damages to the class members, together with costs and reasonable attorneys' fees, as well as pre-judgment interest from the date of filing this suit.

**PARTIES**

5.     Plaintiff Anthony Oliver is a citizen of California.

6.     Defendant Men's Wearhouse is a Texas Corporation with its principal place of business located in Texas.  Men's Wearhouse is a men's retail clothing company that distributes, markets, and sells its apparel to thousands of consumers in California and elsewhere across the nation through its retail stores, on its website, and via text message marketing.

**JURISDICTION & VENUE**

7.     This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227.

8.     This Court has personal jurisdiction over Defendant, because Defendant does business in this District, is registered to do business in California and nationwide, and because certain of the acts giving rise to the claims alleged herein were committed in California.

9.     Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts business in this District and because a substantial part of the events concerning the conduct at issue occurred in this District as the unauthorized text messages were received by Plaintiff in this District.

**COMMON ALLEGATIONS OF FACT**

10.     One of the newer types of inexpensive marketing is to advertise through Short Message Services.  The term "Short Message Service" or "SMS" describes a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

11.     An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device.  When

an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.

12.     Unlike more conventional advertisements, SMS messages, and particularly unauthorized messages, invade privacy and can actually cost their recipients money, because cell phone users like Plaintiff have to pay their respective wireless service providers for each text message call they receive, incur a usage allocation deduction from the total number of text messages allowed under their cell phone plan, or pay a fixed or variable usage fee.

13.     Certain marketers use this new technology to create "mobile alerts," or recurring programs in which text messages are automatically sent *en masse* to persons within a subscribed database.  The content and parameters of such programs are set by the content providers themselves and frequently appear in the initial text message sent.  Recurring mobile alerts are subject to the TCPA and the same regulations promulgated by the FCC as other automated calls or text messages to cellular telephones.

14.     Beginning at least as early as 2015, and continuing to the present, Defendant undertook a misguided effort to increase sales by causing the mass transmission of unauthorized text message advertisements in the form of mobile alerts to the cell phones of those whom it hoped were potential customers of its apparel products.

15.     On or about August 22, 2015, Plaintiff responded to an advertisement by Defendant and enrolled in Defendant's mobile alert program by sending a text message containing the phrase "MW" to the short code "66960."

16.     Shortly after sending the text message as described in Paragraph 15 above, Plaintiff's cell phone rang, indicating that a text message call was being

received.  The message Plaintiff received was an automated confirmatory text message from Defendant.  The body of the text message read:

> MW: Almost in! Reply "Y" for $10 off $50 & up to 3 msgs/wk at this #! No OptIn Req'd to buy goods; may be autodialed. TC: mensw.com/TC. Rts may apply

17.   In the text message transmission that Plaintiff received, the "from" field was identified as "66960," which is an abbreviated telephone number known as an SMS short code operated by Defendant's agents.  The use of an SMS short code by Defendant's agents enabled Defendant's mass transmission of unauthorized text message calls to lists of cellular telephone numbers.

18.   Based on the representations made by Defendant in the text message identified in paragraph 16 above, including specifically the limitation on the number of weekly text messages to be sent by Defendant, Plaintiff replied to Defendant's text message with a text message stating "Y".

19.   After responding to the text message identified in paragraph 16 Plaintiff began to receive weekly automated text messages from Defendant containing generic advertisements for various products and sales.

20.   Defendant's confirmatory text message identified in paragraph 16 above explicitly states that subscribers would be sent no more than three (3) text message per week and was intended to induce consumers, including Plaintiff, to enroll in its automated messaging program.

21.   However, Defendant sent at least five (5) text message advertisements to Plaintiff's cellular telephone during the seven-day period between November 26, 2015 and December 2, 2015.  Specifically, Plaintiff was sent text messages by or on behalf of Defendant on November 26, November 27, November 28, November 30, and December 1, 2015.

22.   Similarly, Defendant sent at least four (4) text message advertisements to Plaintiff's cellular telephone between Sunday, February 14, 2016, and Saturday, February 20, 2016.  Specifically, Plaintiff was sent text messages by or on behalf of Defendant on February 14, February 15, February 18, and February 20, 2016.

23.   Each of the text messages identified in paragraphs 21 and 22 above contained a generic and non-personalized advertisement and was sent automatically and instantaneously by Defendant to a list of cell phone numbers belonging to persons who all similarly agreed to participate in Defendant's mobile alert program upon the condition that Defendant would not send more than three (3) text messages per week.  Defendant transmitted such messages through the use of an automatic telephone dialing system from the short code 66960 and/or other short codes under its control.

24.   Because the initial opt-in message that Defendant sent to Plaintiff stated that he would receive no more than three (3) messages per week, any additional messages beyond the first three marketing messages he received in any given seven-day period were unauthorized and sent without Plaintiff's express written consent in violation of the TCPA.

## CLASS ACTION ALLEGATIONS

25.   Plaintiff brings this action on behalf of himself and a nationwide class (the "Class"), defined as follows: All persons in the United States and its Territories: (i) whose cellular phones were sent more than three (3) text message advertisements in any given seven-day period, (ii) after October 16, 2013, (iii) by or on behalf of Defendant, (iv) using an automatic telephone dialing system.

26.   Upon information and belief, there are hundreds, if not thousands, of members of the Class such that joinder of all members is impracticable.

27.     Common questions of law and fact exist as to all members of the Class, and such questions predominate over questions affecting Plaintiff or individual members of the Class.  Common questions for the Class include, but are not limited, to the following:

     (a)     Did Defendant send one or more text message advertisements to members of the Class?

     (b)     Did Defendant use an automatic telephone dialing system to transmit the text message advertisements at issue?

     (c)     Did Defendant transmit text message advertisements after October 16, 2013 to persons who did not provide Defendant with prior express written consent to receive such messages?

     (d)     Did Defendant transmit in any period of time more text messages than what Defendant represented would be sent in that period of time?

     (e)     Did the unauthorized text messages distributed by Defendant violate the TCPA?

     (e)     Are the members of the Class entitled to treble damages based on the willfulness of Defendant's conduct?

     (f)     Should Defendant be enjoined from engaging in such conduct in the future?

28.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class.  Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

29.     Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class in distributing the unauthorized text messages at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

30.     The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class as a result of Defendant's unlawful distribution of the unauthorized text messages alleged herein.

31.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and would have no effective remedy.  The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

### FIRST CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. § 227, et seq.) on behalf of the Class

32.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

33.     Defendant placed unauthorized commercial text message calls to a list of wireless telephone numbers, including telephone numbers of Plaintiff and the other members of the Class, using equipment that had the capacity at the time the calls were placed to store or produce telephone numbers to be called using a random or sequential number generator and to automatically dial such numbers without human intervention.

34.     These generic text message calls were made *en masse* through the use of a short code without the prior express written consent of Plaintiff and the other members of the Class.

35.     Defendant has, therefore, violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

36.     As a result of Defendant's illegal conduct, Plaintiff and the members of the Class have had their privacy rights violated, have suffered actual and statutory damages and, under section 227(b)(3)(B) are each entitled to, *inter alia,* a minimum of $500.00 in damages for each such violation of the TCPA.

37.     To the extent Defendant knew or should have known that the members of the Class did not provide prior express written consent to be sent the text message advertisements at issue, the Court should, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and members of the Class.

## REQUEST FOR RELIEF

Plaintiff, on behalf of himself and the Class, requests the following relief:

A.     An order certifying the Class as defined above;

B.     An award of the greater of actual or statutory damages;

C.     An injunction requiring Defendant to cease all unauthorized text messaging activities;

D.     Pre-judgment interest from the date of filing this suit;

E.     An award of reasonable attorneys' fees and costs; and

F.     Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated:  May 11, 2016                    Respectfully submitted,


                                        By: /s/ Eugene Y. Turin
                                             Eugene Y. Turin

                                        David C. Parisi (SBN 162248)
                                        dcparis@parisihavens.com
                                        Suzanne Havens Beckman (SBN 188814)
                                        shavens@parisihavens.com
                                        PARISI & HAVENS LLP
                                        212 Marine Street, Ste. 100
                                        Santa Monica, CA 90405
                                        Tel: (818) 990-1299

                                        Eugene Y. Turin (*pro hac vice*)
                                        eturin@mcgpc.com
                                        MCGUIRE LAW, P.C.
                                        55 W. Wacker Dr., 9th Fl.
                                        Chicago, IL 60601
                                        Tel: (312) 893-7002

                                        *Attorneys for Plaintiff and the Putative
                                        Class*