| | |
|---|---|
| David C. Parisi (SBN 162248) | Eugene Y. Turin (*pro hac vice*) |
| dcparisi@parisihavens.com | eturin@mcgpc.com |
| PARISI & HAVENS LLP | MCGUIRE LAW, P.C. |
| 212 Marine Street, Ste. 100 | 55 W. Wacker Dr., 9th Fl. |
| Santa Monica, CA 90405 | Chicago, IL 60601 |
| Tel: (818) 990-1299 | Tel: (312) 893-7002 |
| Fax: (818) 501-7852 | Fax: (312) 275-7895 |

Attorneys for Plaintiff ANTHONY OLIVER

| | |
|---|---|
| Christopher C. Wager (*pro hac vice*) | Charles R. Messer (SBN 101094) |
| ccwager@vorys.com | messerc@cmtlaw.com |
| John L Landolfi (*pro hac vice*) | Stephen A. Watkins (SBN 128509) |
| jllandolfi@vorys.com | watkinss@cmtlaw.com |
| VORYS SATER SEYMOUR AND PEASE LLP | David J. Kaminski (SBN 205175) |
|  | kaminskid@cmtlaw.com |
| 52 East Gay Street | CARLSON AND MESSER LLP |
| Columbus, OH 43215 | 5901 West Century Boulevard, Ste. 1200 |
| Tel: (614) 464-6400 | Los Angeles, CA 90045 |
| Fax: (614) 719-4816 | Tel: (310) 242-2200 |
|  | Fax: (310) 242-2222 |

Attorneys for Defendant THE MEN'S WEARHOUSE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY OLIVER, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>THE MEN'S WEARHOUSE, a Texas corporation<br><br>Defendant. | CASE NO. 2:16-CV-01100-TJH-AS<br><br>[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND PROVISIONAL CLASS CERTIFICATION  [69]<br><br>Hearing Date: October 1, 2018<br>Hearing Time: UNDER SUBMISSION<br>Location: Courtroom 9B<br>Honorable Terry J. Hatter, Jr. |

1

WHEREAS, this Action is pending before this Court as a putative class action; and

WHEREAS, the Named Plaintiff, Class Counsel, and Defendant The Men's Wearhouse have applied to this Court for an order preliminarily approving the settlement of this action in accordance with a Class Action Settlement Agreement, which sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice upon the terms and conditions set forth therein; and

WHEREAS, the Court has read and considered the unopposed motion for preliminary approval and supporting documents;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all terms defined therein shall have the same meaning in this Order as set forth in the Settlement Agreement.

2. It appears to the Court on a preliminary basis that the Settlement Agreement is fair, adequate, and reasonable. It appears to the Court that adequate investigation and research has been conducted such that counsel for the parties at this time are able to reasonably evaluate their respective positions. It further appears to the Court that settlement, at this time, will avoid substantial additional costs by all parties, as well as avoid the delay and risks that would be presented by the further prosecution of the Action. It further appears that the Settlement Agreement has been reached as the result of intensive, serious, and arms-length negotiations with the help of a highly respected mediator, the Honorable Leo S. Papas (Ret.).

3. The Court preliminarily finds that the Settlement Agreement appears to be within the range of reasonableness of a settlement that could

ultimately be given final approval by this Court. Indeed, the Court has reviewed the monetary recovery that is being granted as part of the settlement and preliminarily finds that the monetary settlement awards made available to all putative class members are fair, adequate, and reasonable when balanced against the potential outcomes of further litigation.

4. For purposes of settlement only, the Court finds that the prerequisites for class action under Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been preliminarily satisfied. The Court finds that the Class is so numerous that joinder of all Class Members is impracticable; Plaintiff's claims are typical of the Class' claims; there are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class Members; and class certification is superior to other available methods for the fair and efficient adjudication of the controversy. The Court hereby conditionally certifies the following Class for settlement purposes only:

> All persons in the United States and its Territories who consented to receive three (3) text message advertisements per week from Defendant, but whose cellular phones were sent more than three (3) text message advertisements in any given seven-day period by Defendant from shortcode 66960 from October 16, 2013 up to and including the date of Preliminary Approval.

5. Anthony Oliver is hereby preliminarily appointed and designated, for all purposes, as the representatives for the Class, and Myles McGuire, Eugene Y. Turin, and Evan M. Meyers of McGuire Law, P.C., are hereby preliminarily appointed and designated as Class Counsel to act on behalf of Plaintiff and the Class.

6. Class Counsel is authorized to act on behalf of Class Members with respect to all acts or consents required by, or which may be given pursuant to, the Settlement Agreement, and such other acts reasonably necessary to consummate the Settlement Agreement. Any Class Member may enter an appearance through counsel of his or her own choosing and at his or her own expense. Any Class Member who does not enter an appearance or appear on his or her own will be represented by Class Counsel.

7. A Final Approval Hearing shall be held before this Court on March 18, 2019 at 10:00 a.m., at the Federal Courthouse, 350 W. 1st St., Courtroom 9B, 9th Floor, Los Angeles, California 90012, to determine all necessary matters concerning the Settlement Agreement, including: whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, adequate, and reasonable and should be finally approved by the Court; whether a Judgment, as provided in the Settlement Agreement, should be entered herein; whether the plan of allocation contained in the Settlement Agreement should be approved as fair, adequate, and reasonable to the Class Members; and to award attorneys' fees and costs, the class representative enhancement award, and settlement administration costs.

8. The Court hereby approves, as to form and content, the Notices to be distributed to Class Members attached as Exhibits A through C to the Settlement Agreement. The Court finds that the distribution of the Notices, in the manner and form set forth in the Settlement Agreement, meets the requirements of Due Process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

9. The Court hereby appoints Epiq Systems, Inc. as Settlement

Administrator and hereby directs the Settlement Administrator within 34 days after entry of this Order to send to Class Members the Notice by first class mail or e-mail and to within 20 days after entry of this Order to create and maintain a settlement website in accordance with the Settlement Agreement.

10. Any Class Member may choose to be excluded from the Class by following the instructions for requesting exclusion from the Class that are set forth in the Notice, with any such exclusion request being postmarked within 75 days of entry of this Order. Any person who opts to be excluded from the class will not be entitled to any recovery under the Settlement Agreement and will not be bound by the Settlement or have any right to object, appeal, or comment thereon. Class Members who have not requested exclusion shall be bound by all determinations of this Court, by the Settlement Agreement, and by the Judgment.

11. Any Class Member may appear at the Final Approval Hearing and may object to or express his or her views regarding the Settlement Agreement, present evidence, or file papers that may be proper and relevant to the issues to be heard and determined by the Court as provided in the Notice, provided that the Class Member has served by hand or by first class mail, postmarked within 75 days of the date of this Order, written objections to the Settlement Agreement as provided in the Notice. Any Class Member who does not make his or her objection in the manner provided in the Notice shall be deemed to have waived any objections and shall be foreclosed from making any objection to the Settlement Agreement.

12. All papers supporting Plaintiff's request for an award of attorneys' fees and costs and class representative enhancement award shall be filed no later than 14 calendar days before the Claim Deadline.

13. All papers in support of final approval of the Settlement Agreement shall be filed with the Court and served no later than 14 calendar days before the Final Approval Hearing.

14. The Settlement Agreement is not a concession or admission, and shall not be used against any of the parties as an admission or indication with respect to any claims. Whether or not the Settlement Agreement is fully approved, neither the Settlement Agreement, nor any document, statement, proceeding, or conduct related to the Settlement Agreement, nor any reports or accounts thereof, shall in any event be:

    a. Construed as, offered or admitted in evidence as, received as or deemed to be evidence for any purpose as to the claims or defenses in the Action, including, but not limited to, evidence of a presumption, concession, indication or admission by any party of any liability, fault, wrongdoing, omission, concession or damage; or

    b. Disclosed, referred to, or offered or received in evidence against any of the parties in any further proceeding in the Action, or in any other civil, criminal, or administrative action or proceeding, except for purposes of enforcing the Settlement Agreement.

15. As of the date this Order is signed, all dates and deadlines associated with this Action shall be stayed, other than those pertaining to the administration of the Settlement of the Action.

16. The Court adopts the following deadlines pursuant to the Settlement Agreement:

[Proposed] Order            Case No. 16-cv-01100-TJH-AS

| | |
|---|---|
| **Class Notice Mailed by:** | 34 days from the Date of Preliminary Approval, December 20, 2018. |
| **Settlement Website Launched by:** | 20 days from the Date of Preliminary Approval, December 6, 2018. |
| **Fee and Expense Application:** | 14 days prior to the Objection/Exclusion Deadline, January 16, 2019. |
| **Deadline for Objections/Exclusions:** | 75 days from the Date of Preliminary Approval, January 30, 2019 |
| **Claims Deadline:** | 75 days from the Date of Preliminary Approval, January 30, 2019. |
| **Motion in Support of Final Approval:** | 14 days prior to the Final Approval Hearing, March 4, 2019. |
| **Final Approval Hearing:** | March 18, 2019 at 10:00 a.m. |

17. In the event the Settlement Agreement is not finally approved, or is terminated, cancelled, or fails to become effective for any reason, this Order shall be rendered null and void and shall be vacated, and the parties shall revert to their respective positions as or before entering into the Settlement Agreement.

18. The Court reserves the right to adjourn or continue the date of the Final Approval Hearing and all dates provided for in the Settlement Agreement without further notice to Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement Agreement.

IT SO ORDERED.

Date: November 16, 2018

_____
Honorable Terry J. Hatter, Jr.
United States District Judge