# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| ANTHONY OLIVER, individually and on behalf of a class of similarly situated individuals, | CV 16-01100 TJH (ASx) |
| Plaintiffs, | |
| v. | Order and Judgment |
| THE MEN'S WEARHOUSE, | |
| Defendants. | [JS-6] |

The Court has considered Plaintiffs' motion final approval of a class action settlement, together with the moving and opposing papers.

WHEREAS, on November 16, 2018, this Court entered an Order Granting Preliminary Approval of Proposed Settlement Agreement (the "Preliminary Approval

Order"), preliminarily approving the proposed Settlement of the Action pursuant to the terms of the Settlement Agreement and directing that notice be given to the Class Members;

WHEREAS, pursuant to the Parties' plan for providing notice to the Class Members (the "Notice Plan"), the Class Members were notified of the terms of the proposed Settlement and of a Final Approval Hearing to determine, inter alia, whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate for the release and dismissal of the Settled Claims against the Released Parties; and

WHEREAS, a Final Approval Hearing was held on March 18, 2019.  Prior to the Final Approval Hearing, proof of completion of the Notice Plan was filed with the Court, along with declarations of compliance. Class Members were therefore notified of the terms of the proposed Settlement and their right to appear at the hearing in support of or in opposition to the proposed Settlement;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    This Order incorporates by reference the definitions in the Settlement Agreement, attached as an addendum to this Order and Judgment and all terms defined therein shall have the same meaning in this Order as set forth in the Settlement Agreement.

2.    The Court finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied, including requirements for the existence of numerosity, commonality, typicality, adequacy of representation, manageability of the Class for settlement purposes, that common issues of law and fact predominate over individual issues, and that Settlement and certification of the Class is superior to alternative means of resolving the claims and disputes at issue in this case.

3.    The Class, which will be bound by this Final Approval Order and Judgment, shall include all members of the Class who did not submit a timely and valid Request for Exclusion.

4.    Plaintiff Anthony Oliver shall serve as Class Representative of the

1   Settlement Class.

2       5.      The following counsel serve as Class Counsel:

3                   Myles McGuire

4                   Evan M. Meyers

5                   Eugene Y. Turin

6                   MCGUIRE LAW, P.C.

7                   55 W. Wacker Drive, 9th Floor

8                   Chicago, IL 60601.

9       6.      For purposes of the Settlement and this Final Approval Order and

10  Judgment, the Class is defined as:

11                  All persons in the United States and its Territories who consented

12                  to receive three (3) text message advertisements per week from

13                  Defendant, but whose cellular phones were sent more than three (3)

14                  text message advertisements in any given seven-day period by

15                  Defendant from shortcode 66960 from October 16, 2013 up to and

16                  including November 16, 2018.

17      7.      The Court finds that the Notice Plan set forth in the Settlement Agreement

18  and effectuated pursuant to the Preliminary Approval Order constitutes the best notice

19  practicable under the circumstances and shall constitute due and sufficient notice to the

20  Class of the pendency of this case, certification of the Class, the terms of the Settlement

21  Agreement, and the Final Approval Hearing, and satisfies the requirements of the

22  Federal Rules of Civil Procedure, the United States Constitution, and any other

23  applicable law.

24      8.      The Settlement, as set forth in the Settlement Agreement and this Order

25  is in all respects fair, reasonable, adequate and in the best interests of the Class, taking

26  into account the risks that both sides faced with respect to the merits of the claims

27  alleged and remedies requested, the risks of maintaining a class action, and the expense

28  and duration of further litigation, and therefore the Settlement is approved. The Parties

shall effectuate the Settlement Agreement according to its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of this Court.

9.    Upon the Effective Date, the Releasing Parties shall have, by operation of this Final Approval Order and Judgment, fully, finally and forever released, relinquished, and discharged the Released Parties from all Settled Claims pursuant to the Settlement Agreement.

10.    The Releasing Parties are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any Settled Claim against any of the Released Parties.

11.    This Final Approval Order and Judgment, the Settlement Agreement, the Settlement which it reflects, and any and all acts, statements, documents or proceedings relating to the Settlement are not, and shall not be construed as or used as an admission by or against Defendant or any other Released Party of any fault, wrongdoing, or liability on their part, or of the validity of any Settled Claim or of the existence or amount of damages.

12.    The claims of the Class Representative and all members of the Class in this case are hereby dismissed in their entirety with prejudice. Except as otherwise provided in this Order and/or in this Court's Order Awarding Attorneys' Fees and Expenses in this case, entered in response to Class Counsel's motion therefor brought in connection with the Settlement, the Parties shall bear their own costs and attorneys' fees. The Court reserves jurisdiction over the implementation of the Settlement, including enforcement and administration of the Settlement Agreement, including any releases in connection therewith and any other matters related or ancillary to the foregoing.

13.    Having reviewed the unopposed Motion for Approval of Attorneys' Fees, Expenses and Service Award, the Court approves payment of attorneys' fees, costs and expenses to Class Counsel in the amount of $450,000.00. This amount shall be paid in

accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of their Motion for Final Approval and Motion for Approval of Attorneys' Fees, Expenses, and Service Award, and the fact that no objections have been filed to the attorneys' fees, costs and expenses sought by Class Counsel, finds the award of attorneys' fees, costs and expenses appropriate and reasonable for the following reasons: First, the Court finds that the Settlement provides substantial benefits to the Class. Second, the Court finds the payment fair and reasonable in light of the substantial work performed by Class Counsel. Third, the Court concludes that the Settlement was negotiated at arms-length without collusion, and that the negotiation of the attorneys' fees only followed agreement on the settlement benefit for the Class Members. Finally, the Court notes that the Class Notice specifically and clearly advised the Class that Class Counsel would seek an award up to the amount sought.

14.    The Court approves an Service Award of $5,000.00 for the Class Representative and specifically finds such amount to be reasonable in light of the services performed by the Class Representative for the Class, including taking on the risks of litigation and helping achieve the compensation being made available to the Class. This amount shall be paid in accordance with the of the Settlement Agreement.

15.    The Court finds that no reason exists for delay in entering this Final Order and Judgment. Accordingly, the Clerk is hereby directed forthwith to enter this Final Order and Judgment.

16.    The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with the Final Order and Judgment and do not limit the rights of the Class Members.

17.    Without affecting the finality of this Final Judgment for purposes of appeal, the Court retains jurisdiction as to all matters related to the administration,

consummation, enforcement, and interpretation of the Settlement Agreement and this Final Order and Judgment, and for any other necessary purpose.

It is so Ordered.

Date: April 4, 2019

Terry J. Hatter, Jr.
Senior United States District Judge

## SETTLEMENT AGREEMENT

Plaintiff ANTHONY OLIVER ("Plaintiff"), on behalf of himself and others similarly situated, and THE MEN'S WEARHOUSE, INC. ("Defendant"), agree to resolve this Action (as defined below), subject to the approval of the United States District Court for the Central District of California.

## I. DEFINITIONS

In addition to other terms defined in this Agreement, the terms below have the following meaning in this Agreement:

1.      "Action" means the civil action entitled *Anthony Oliver, on behalf of himself and others similarly situated, v. The Men's Warehouse, Inc.*, Case No. 2:16-cv-01100-TJH-AS, pending in the United States District Court for the Central District of California.

2.      "Cash Award" means a ten dollar ($10) payment to a Class Member who so elects to receive the Cash Award.

3.      "Voucher Award" means a credit voucher that can be used at any The Men's Wearhouse store, the monetary value of which shall be the lesser amount of (i) twenty dollars ($20), or (ii) the *pro rata* share of Class Funds as applied evenly amongst the population of Class Members.  The Voucher Award is not redeemable online.  The Voucher Award shall expire no sooner than one year following its issuance, shall be freely transferrable, will be good on all merchandise (including sale, discount, or promotional pricing), and will require no minimum purchase.    In the event that the total purchase price is less than the Voucher Award, any remaining unused balance shall be forfeited and will not be refunded.

4.      "Class" or "Class Member(s)" means all persons in the United States and its Territories who consented to receive three (3) text message advertisements per week from Defendant, but whose cellular phones were sent more than three (3) text message advertisements in any given seven-day period by Defendant from shortcode 66960 from October 16, 2013 up to and including the date of Preliminary Approval.

5.     "Additional Text Message" means any text message advertisement received by a Class Member's cellular phone from Defendant using shortcode 66960 in excess of three such text message advertisements in any given seven-day period during the Class Period.

6.     "Class Period" means October 16, 2013, up to and including the date of Preliminary Approval.

7.     "Class Representative" or "Plaintiff" or "Named Plaintiff" means Plaintiff Anthony Oliver.

8.     "Complaint" means the Amended Class Action Complaint filed in the Action on May 11, 2016.

9.     "Court" means the United States District Court for the Central District of California.

10.     "Class Data" means information provided by Defendant and/or its text messaging vendors to the Settlement Administrator regarding Class Members, including the phone number receiving an Additional Text Message, and, where available or otherwise reasonably obtainable, the name, last known address, and email address of a Class Member.

11.     "Long Form Notice" means the Court-approved long form notice to Class Members, substantially in the form attached as **Exhibit A** to this Agreement and incorporated by reference herein.

12.     "Summary Notice" means the Court-approved short form notice to Class Members, substantially in the form attached as **Exhibit B** to this Agreement and incorporated by reference herein.  The Long Form Notice and Summary Notice are collectively referred to herein as "Notice."

13.     "Claim Form" means the form that Class Members must submit to obtain the Cash Award in the form attached as **Exhibit C** and incorporated by reference herein.

14.      "Response Deadline" means seventy-five (75) days after the date of Preliminary Approval.

15.     "Class Counsel" means Myles McGuire, Evan M. Meyers, and Eugene Y. Turin of

McGuire Law, P.C.

16.     "Class Counsel Fees and Litigation Expenses" means the amounts awarded to Class Counsel by the Court to compensate them for their fees and expenses in connection with the Action.

17.     "Class Representative Payment" means the incentive payment made to Plaintiff in his capacity as a Class Representative to compensate him for initiating the Action and performing work in support of the Action.

18.     "Settlement Administration Costs" means payments made to the Settlement Administrator in reimbursements for costs incurred in administering this Settlement as well as payment for those services.

19.     "Defendant's Counsel" means Charles Messer, David Kaminksi, and Steven Watkins of Carlson & Messer LLP and John Landolfi and Christopher Wager of Vorys, Sater, Seymour and Pease LLP.

20.     "Request for Exclusion" means the written notice that Class Members must complete, sign, date, and timely return to the Settlement Administrator to exclude themselves from the Settlement, as set forth herein.

21.     "Participating Class Member" means a Class Member that does not submit a valid and timely Request for Exclusion.

22.     "Settled Claims," with respect to Named Plaintiff, means any and all claims, rights, demands, liabilities, penalties and causes of action, whether known or unknown, including damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, of any form whatsoever arising on or before the date of Preliminary Approval, including but not limited to those arising from, related to or based on claims arising out of or relating to any text messages sent by, or on behalf of, Defendant during the Class Period, including without limitation claims which were or could have been asserted in the Action.

23.     "Settled Claims," with respect to Participating Class Members (excluding Named

Plaintiff), means any and all claims, rights, demands, liabilities, penalties and causes of action, whether known or unknown, including damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, arising from, related to or based on claims arising out of or relating to any text messages sent by, or on behalf of, Defendant during the Class Period, including without limitation claims which were or could have been asserted in the Action.

24.    "Preliminary Approval" means the Court has entered an order granting preliminary approval of the Settlement without material modification, and that the resulting order is consistent with the provisions herein or otherwise acceptable to both Parties.

25.    "Final Approval" means that the Court has granted final approval of the Settlement without material modification and either (a) the applicable date for seeking appellate review of the Court's final approval of the Settlement has passed without a timely appeal or request for review having been made; or (b) the Ninth Circuit or the Supreme Court of the United States has rendered a final judgment affirming the Court's final approval without material modification, and the time for any further appeal has expired.

26.    "Final Approval Hearing" means the hearing that the Court conducts to determine whether to finally approve and implement the Settlement.

27.    "Settlement Funds" means the total amount that Defendant will make available in Settlement in exchange for the releases provided herein and other good and valuable consideration.  The Settlement Funds shall be comprised exclusively of the Class Funds, Class Counsel Fees and Litigation Expenses, Class Representative Payment, and Settlement Administration Costs, with the amount of each respective component not to exceed any limitation or maximum amount provided herein.

28.    "Parties" means Plaintiff Anthony Oliver and Defendant The Men's Wearhouse, Inc., and "Party" means either of the Parties.

29.    "Settlement Administrator" means Epiq Systems, Inc., or some other third-party settlement administrator that is mutually agreed upon by the Parties.

30.    "Settlement" means the disposition of this Action and all related claims effectuated by this Agreement.

## II.  RECITALS

31.    On February 17, 2016, Plaintiff filed a class action lawsuit against Defendant in the United States District Court for the Central District of California.  Plaintiff's First Amended Complaint, filed on May 11, 2016, alleges that Defendant sent text messages to Plaintiff and other putative class members that exceeded the scope of the recipients' consent.  Plaintiff alleges Defendant's actions violated the United States Telephone Consumer Protection Act, codified at 47 USC § 227, *et seq*.

32.    On or about March 13, 2017, Defendant filed its Answer to the First Amended Complaint, disputing and denying Plaintiff's material allegations, maintaining that the Court should not certify the class proposed by Plaintiff, and raising various affirmative defenses.

33.    On March 8, 2018, the Parties mediated for a full day before an experienced and well-regarded mediator, Hon. Leo S. Papas (Ret.), former Presiding Magistrate Judge of the United States District Court for the Southern District of California.  While the mediation did not culminate in a settlement, the Parties continued to utilize the services of Judge Papas to continue the settlement discussions and were subsequently able to reach a settlement.

34.    Based on their own independent investigation and evaluation, Class Counsel believe that the Settlement is fair, reasonable, and adequate and is in the Class Members' best interests in light of all known facts and circumstances, including the risk of significant delay and Defendant's defenses.  Without admitting liability or any violation of law, Defendant agrees that the Settlement is fair, reasonable, and adequate.

## III.  TERMS OF SETTLEMENT

35.    **Maximum Funds Made Available to Class Members:**    Subject to Court approval of the Settlement and subject to the terms of this Agreement, and in exchange for the release of all Settled Claims as provided herein, Defendant agrees to make funds available for

Settlement of no greater than one million eight hundred thousand dollars ($1,800,000) in order to provide payments to Class Members ("Class Funds"). The Class Funds will be solely available to Class Members in the form of the Voucher Award or Cash Award, as defined above. Defendant will make available separate funds to satisfy Class Counsel Fees and Litigation Expenses, the Class Representative Payment, and Settlement Administration Costs, as provided below.

36.   **Class Member Distribution:** Class Members have the option of receiving a Voucher Award or a Cash Award.

The Voucher Award will be directly distributed to all Class Members along with the Summary Notice for whom the Settlement Administrator is able to obtain a valid email or U.S. mail address. The Voucher Award can be used without the need for any such Class Member to return a Claim form.

Any Class Member who receives notice via email or U.S. mail may request the Cash Award by either (i) returning a valid and timely unused Voucher Award via U.S. mail, or (ii) electronically submitting a valid and timely Claim Form and refraining from using the Voucher Award, destroying any copies thereof. Any Voucher Award may be deactivated upon a Class Member's election of the Cash Award.

Class Members for whom the Settlement Administrator is unable to obtain a valid mailing or email address may submit a valid and timely Claim Form online or via U.S. mail, and may request to receive either the Voucher Award or the Cash Award. Should any such Class Member fail to request either the Voucher Award or the Cash Award on the otherwise valid and timely Claim Form, Defendant shall issue that Class Member the Voucher Award.

To be deemed a valid Claim Form, (i) the Class Member must include the ten-digit mobile phone number belonging to the Class Member and which the Class Member asserts received an Additional Text Message, and (ii) the Settlement Administrator must confirm that the provided telephone number is contained within the Class Data.

37.   **Class Counsel Fees and Litigation Expenses:** Plaintiff and/or Class Counsel will

request, and Defendant will not oppose, a payment in an amount of twenty five percent (25%) of the Class Funds, the amount of which is not to exceed four hundred and fifty thousand dollars ($450,000), to compensate Class Counsel for all of the work already performed in this Action and all work remaining to be performed, including without limitation, documenting the Settlement, providing any notices required as part of the Settlement, securing Court and/or appellate court approval of the Settlement, ensuring that the Settlement is fairly administered and implemented, and obtaining a judgment of dismissal of the Action in accordance with the Settlement. The Parties agree that any reduction by the Court in the amount of the Class Counsel Fees and Litigation Expenses shall not be a basis for rendering the entire Settlement voidable or unenforceable. Class Counsel Fees and Litigation Expenses will be reported to the taxing authorities by means of an IRS Form 1099.

38. **Class Representative Payment:** Plaintiff will apply to the Court for an incentive award of not more than five thousand dollars ($5,000) as Class Representative Payment. Defendant will not oppose any such request for Class Representative Payment. This Class Representative Payment will be reported to the taxing authorities by means of an IRS Form 1099. Plaintiff will be responsible for correctly characterizing this payment for tax purposes and paying any taxes owing on it and shall indemnify Defendant for any claims against Defendant, or for which Defendant suffers a loss, related to Plaintiff's failure to pay applicable taxes associated with the Class Representative Payment.

39. **Settlement Administration Costs:** Subject to Court approval, Defendant agrees to pay the Settlement Administrator sufficient funds to cover administrative and notice costs.

40. **Prospective Relief:** Defendant acknowledges that, as a direct result of this Action, it modified its text messaging practices to reduce or eliminate situations where it sent text message advertisements in excess of the number of text message advertisements that any individual consented to receive.

## IV.  MOTION FOR PRELIMINARY APPROVAL

41.     Promptly upon the execution of this Settlement, Plaintiff will file an unopposed motion for preliminary approval of the Settlement, applying to the Court for the entry of an order:

a.     Scheduling a fairness hearing on the question of whether the proposed Settlement should be approved as fair, reasonable, and adequate as to the Class;

b.     Approving as to form and content the proposed Notice to the Class;

c.     Approving as to form and content the proposed Claim Form;

d.     Approving as to form and content the proposed method of requesting exclusion from the Settlement;

e.     Providing for the distribution of the Summary Notice by email or U.S. mail to the Class Members;

f.     Preliminarily approving the Settlement;

g.     Preliminarily certifying the Class for purposes of Settlement only; and

h.     Approving Myles McGuire, Evan M. Meyers, and Eugene Turin of McGuire Law, P.C. as Class Counsel; Anthony Oliver as the Class Representative; and the Settlement Administrator agreed to by the Parties.

## V.  NOTICE TO THE CLASS

42.     Within fourteen (14) calendar days following Preliminary Approval, to the extent practicable, Defendant will provide the Class Data to the Settlement Administrator.  Defendant's Counsel will consult with the Settlement Administrator prior to the production date to ensure that the format of the database will be acceptable to the Settlement Administrator.  The Settlement Administrator will not share the Class Data or other information that would otherwise reveal the identity of individual Class Members with the Class Representative or Class Counsel, except as otherwise provided herein.

43.     **Email Notice:** Within twenty (20) calendar days after receipt of the Class Data,

the Settlement Administrator will send the Summary Notice and Voucher Award to all Class Members via email for whom Defendant has provided an email address.  The Summary Notice shall be in substantially the same form as **Exhibit B** hereto, subject to the Court's approval.

At Defendant's election, the Settlement Administrator may perform a reverse look-up to obtain email addresses for Class Members for whom valid email addresses are not contained in the Class Data.  The Settlement Administrator will send the Summary Notice and Voucher Award to all such Class Members.  The Summary Notice shall be in substantially the same form as **Exhibit B** hereto, subject to the Court's approval.

44.    **Direct Mail Notice:**  To the extent that the Settlement Administrator is unable to obtain a valid email address for a Class Member, the Settlement Administrator will mail, by first-class U.S. mail, the Summary Notice and Voucher Award.  The Summary Notice shall be in substantially the same form as **Exhibit B** hereto, subject to the Court's approval.

To the extent that the Settlement Administrator cannot otherwise obtain a valid email address or U.S. Mail address for a Class Member, the Settlement Administrator shall perform a reverse append on the telephone number provided for that Class Member in an attempt to obtain a valid mailing address, or otherwise take reasonable steps to obtain an address for the Class Member.

If Direct Mail Notice is returned because of an incorrect address, the Settlement Administrator will promptly search for a more current address for the Class Member and re-mail the Summary Notice and Voucher Award to the Class Member.

45.    **Settlement Website:**  Within twenty (20) calendar days following Preliminary Approval, to the extent practicable, the Settlement Administrator will create and maintain a settlement website containing the Long Form Notice, the Claim Form, and certain Court documents, including the Court's order granting Preliminary Approval (the "Settlement Website").  The Long Form Notice and Claim Form shall be in substantially the same form as **Exhibits A and C** hereto, respectively, subject to the Court's approval.

46.    **Class Action Fairness Notice:**  No later than ten (10) days following the filing of

9

the motion for preliminary approval, Defendant shall comply with the notice requirements of 28 U.S.C. § 1715.  Defendant shall file with the Court a notice confirming compliance prior to the Final Approval Hearing.

## VI.  <u>CLAIMS PROCESS</u>

47.    **Completing the Claim Forms:** Class Members shall have until the Response Deadline to complete and mail or electronically submit a Claim Form via the Settlement Website.  Class Members receiving Notice via email or U.S. mail may request the Cash Award by either (i) returning a valid and timely submitted Claim Form along with the unused Voucher Award via U.S. mail, or (ii) electronically submitting a Claim Form and refraining from using the Voucher Award, destroying any copies thereof.  Any Voucher Award may be deactivated upon a Class Member's election of the Cash Award.  Redemption of the Voucher Award shall serve as grounds to disqualify a Class Member from electing the Cash Award.  Each Class Member who fails to timely complete the Claim Form shall be deemed to have elected the Voucher Award.  The date of the postmark on the envelope containing the completed Claim Form, or the time of electronic submission, shall be the exclusive means used to determine whether a Class Member has timely returned the Claim Form.

48.    **Defective Claim Forms.**  If a Claim Form is timely returned to the Settlement Administrator but defective in any regard, the Class Member shall be given one opportunity to cure the defect(s).  The Settlement Administrator shall mail a notice of deficiency with a copy of the defective Claim Form to the Class Member who submitted the claim.  The Class Member shall be given fourteen (14) days from the date the notice of deficiency was mailed to cure the defect(s) and return the corrected Claim Form to the Settlement Administrator.  If the corrected Claim Form is not completely corrected and postmarked (or submitted electronically through the Settlement Website) within the fourteen (14) day period, it shall be deemed untimely and rejected, and such individual shall be deemed to have elected the Voucher Award.

49.    **Valid Claim Forms.**   The Settlement Administrator shall diligently review

submitted Claim Forms to ensure completeness and that the person submitting the Claim Form is a proper Class Member.  This includes, at a minimum, (i) ensuring that the Claim Form includes the phone number purportedly receiving an Additional Text Message, and (ii) cross-referencing the provided phone number against the Class Data.  Any Claim Form that does not contain a phone number matching the Class Data shall be deemed defective.

50.     The Settlement Administrator shall, under supervision of the Court, administer the relief provided by this Agreement by processing the Claims Forms in a rational, responsive, cost effective, and timely manner.  The Settlement Administrator shall maintain reasonably detailed records of its activities performed under this Agreement.  The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel and Defendant's Counsel upon request, subject to any limitation provided herein.  The Settlement Administrator shall also provide reports and other information to the Court as the Court may require.  The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with information concerning notice and the administration and implementation of the Settlement, including:

(1)     Forwarding to Defendant's Counsel, with copies to Class Counsel, all original documents and other materials received in connection with the administration of the Agreement, within thirty (30) days after the date on which all Claim Forms have been finally approved or disallowed per the terms of the Agreement.

(2)     Receiving Requests for Exclusion and objections from Class Members and promptly providing Class Counsel and Defendant's Counsel a copy thereof promptly upon receipt.

(3)     Providing weekly reports to Class Counsel and Defendant's Counsel, including, without limitation, reports regarding the number of Claim Forms received, the number thereof approved by the Settlement Administrator, and the categorization and description of Claims Forms rejected, in whole or in part, by the Settlement Administrator.

(4)     Make available for inspection by Class Counsel or Defendant's Counsel all Claim Forms, any Requests for Exclusion, objections, and any other documents or correspondence received by the Settlement Administrator relating to the Settlement at any time upon reasonable notice.

(5)     Both Class Counsel and the Defendant's Counsel shall have the right to challenge the acceptance or rejection of any Claim Form submitted.  The Claims Administrator shall follow any agreed decision of Class Counsel and Defendant's Counsel.  To the extent that Class Counsel and Defendant's Counsel are not able to agree on the disposition of a challenge, a mediator (Leo S. Papas, or another individual jointly agreeable to the Parties) shall timely decide such a challenge, which decision shall be followed by the Settlement Administrator.

## VII.  OBJECTIONS TO THE SETTLEMENT

51.     The Notice will provide that Class Members who wish to object to the Settlement do so by following the procedure set forth in the Notice on or before the Response Deadline.

52.     The Notice shall specify that Class Members wishing to object to the Settlement must sign and postmark a written objection to the Settlement Administrator within the Response Deadline as set forth above.  The date of the postmark on the return mailing envelope will be the exclusive means to determine whether an objection has been timely submitted.  The objection must be signed by the Class Member and state: (a) the full name of the Class Member; (b) the phone number that the Class Member alleges received an Additional Text Message; (c) the Class Member's address; (d) the basis for the objection; (e) if the Class Member intends to appear at the Final Approval, and, if so, (f) any witnesses he or she may call to testify, and all exhibits he or she intends to introduce into evidence at the Final Approval Hearing, which shall be attached.

53.     Class Members who fail to make objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement.  Any Class Member who submits a Request

for Exclusion shall have no right to object to the Settlement.  At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Class Members to file or serve written objections to the Settlement or appeal from the final judgment.  Class Counsel shall not represent any Class Members with respect to any such objections.

54.     If any Class Member objects to the Settlement and the Parties, or either of them, wish to conduct discovery from the objector, the Parties will meet and confer with the objector (through the objector's counsel, if any) regarding any such discovery sought and any objections thereto.  If they are unable to resolve the dispute informally, the Parties will contact the Court for further direction.

### VIII.  REQUESTS TO BE EXCLUDED FROM SETTLEMENT

55.     Class Members wishing to opt-out from the Settlement must sign and send via U.S. mail a written Request for Exclusion to the Settlement Administrator within the Response Deadline, as set forth above.  The date of the postmark on the mailing envelope will be the exclusive means to determine whether a Request for Exclusion has been timely submitted.  All Requests for Exclusion will be submitted to the Settlement Administrator, who will certify jointly to Class Counsel and Defendant's Counsel the Requests for Exclusion that were timely submitted.  Any Class Member who submits a valid and timely request to be excluded from the Settlement shall no longer be a member of the Settlement Class, shall be barred from participating in the Settlement, shall be barred from objecting to the Settlement, and shall receive no benefit from the Settlement.  To be deemed valid, the timely-submitted written Request for Exclusion must: (1) explicitly and unambiguously state the following statement or similar statement: "I wish to exclude myself from the settlement reached in the matter of *Oliver vs. The Men's Warehouse*.  I understand by excluding myself, I will not receive any money or other benefit from the settlement reached in this matter"; (2) contain the Class Member's name, email address, mailing address, and phone number that allegedly received an Additional Text Message; (3) be signed by the Class Member; and (4) be postmarked by the Response Deadline and

13

returned to the Settlement Administrator at the specified address stated in the Long Form Notice or Summary Notice.  Any Class Member who requests to be excluded from the Settlement Class will not be entitled to any recovery under the Settlement and will not be bound by the terms of the Settlement or have any right to object, appeal, or comment thereon.  Redemption of the Voucher Award will disqualify a Class Member's Request for Exclusion.

56.     Class Members who do not submit a valid and timely Request for Exclusion will be bound by all of the terms of the Settlement, including without limitation, the release set forth in the Settlement.

## IX.  ADDITIONAL BRIEFING AND FINAL APPROVAL

57.     As soon as practicable following the deadline for the filing of claims, objections or Requests for Exclusion, Plaintiff will file with the Court a motion for final approval of the Settlement, supported by a memorandum of points and authorities, as well as a motion for the Court's approval of the Class Representative Payment and the Class Counsel Fees and Litigation Expenses, similarly supported by a memorandum of points and authorities.  Defendant will not oppose either motion, so long as the motions comport with the terms of this Agreement.

58.     At the time of the filing of the motion for final approval of the Settlement, Class Counsel will provide the Court with a declaration executed by the Settlement Administrator, specifying the due diligence the Settlement Administrator has undertaken with regard to providing the Notice, verifying its Settlement Administration Costs, objections, disputes (and status of the disputes), and number of Requests for Exclusion submitted.

59.     No later than five (5) court days before the Final Approval Hearing, the Parties may file, jointly or separately, a reply in support of motion for final approval of the Settlement, in the event any opposition to the Motion for final approval has been filed.

60.     At or before the Final Approval Hearing, the Parties will present a proposed judgment for the Court's entry in accordance with the Settlement.  After entry of the judgment, the Court will have continuing jurisdiction over the Action and the Settlement solely for

purposes of enforcing the Settlement, addressing settlement administration matters, and addressing such post-judgment matters as may be appropriate under court rules or applicable law.

61.     Upon filing the motion for final approval of the Settlement, Plaintiff will submit a proposed order in a form mutually agreed upon by the Parties:

        a.     Approving the Settlement, adjudging the terms thereof to be fair, reasonable, and adequate, and directing consummation of its terms and provisions;

        b.     Approving Class Counsel's motion for the Court's approval of the Class Representative Payment and Class Counsel Fees and Litigation Expenses;

        c.     Approving the Settlement Administration Costs;

        d.     Certifying the Class for Settlement purposes only;

        e.     Permanently enjoining all Class Members (other than those who filed timely and valid Requests for Exclusion) from prosecuting against the Released Parties any of the Settled Claims; and

        f.     Entering final judgment in accordance with the terms of the Settlement.

## X.  PAYMENT OF CLAIMS

62.     Within twenty one (21) days of Final Approval, Defendant (through the Settlement Administrator) shall deliver to the appropriate Class Members (i) the Cash Awards in the form of checks, and (ii) any previously undistributed Voucher Awards.  Class Members shall have 180 days from the date a settlement check is issued to cash the check, and all payments to Class Members via check will state on the face of the check that the check will expire and become null and void unless cashed within 180 days after the date of issuance.

63.     Within twenty one (21) days after Final Approval, Defendant shall deliver the Court-approved Class Representative Payment to Plaintiff and the Court-approved Class Counsel Fees and Litigation Expenses to Class Counsel.

## XI.   RELEASE OF CLAIMS

64.   **Release by Named Plaintiff:**   Upon Final Approval, Named Plaintiff shall be deemed to hereby fully and irrevocably release, waive, and discharge Defendant, along with its former and present parents, subsidiaries, divisions, and affiliated companies, and its respective officers, directors, employees, partners, shareholders, agents, successors, assigns and legal representatives (the "Released Parties") of and from all Settled Claims as set forth in Paragraph 22 above.

65.   Named Plaintiff acknowledges and agrees that, with respect to the Settled Claims, upon the date of Final Approval, he shall be deemed to have, and shall have expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar rights granted under any state or federal law or regulation limiting the effect of this release.   California Civil Code § 1542 provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Named Plaintiff may hereafter discover facts in addition to or different from those he now knows or believes to be true with respect to the subject matter of the Settled Claims which, if known by him might have affected his settlement with, and release of, the Released Parties.   But upon the date of Final Approval, Named Plaintiff shall be deemed to have, and shall have, fully, finally, and forever settled and released any and all of the Settled Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with our without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such

16

different or additional facts.  Notwithstanding the foregoing, the Settled Claims shall not include any claim or right that as a matter of law cannot be waived or released.

66.     **Release by Class Members:**   Upon Final Approval, all Participating Class Members shall be deemed to hereby fully and irrevocably release, waive, and discharge the Released Parties of and from all Settled Claims as set forth in Paragraph 23 above.

67.     With respect to the Settled Claims of Participating Class Members, the Parties agree that, upon the date of Final Approval, the Participating Class Members shall be deemed to have, and shall have expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar rights granted under any state or federal law or regulation limiting the effect of this release.  California Civil Code § 1542 provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Participating Class Members may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Settled Claims which, if known by them might have affected their settlement with, and release of, the Released Parties. But upon the date of Final Approval, Participating Class Members shall be deemed to have, and shall have, fully, finally, and forever settled and released any and all of the Settled Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with our without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Notwithstanding the foregoing, the Settled Claims shall not

include any claim or right that as a matter of law cannot be waived or released.

## XII.  EFFECT OF DENIAL OF COURT APPROVAL

68.    If the Court does not grant final approval of the Settlement, or if the Court's final approval of the Settlement is reversed or materially modified on appellate review, then, at the option of either Plaintiff or Defendant, this Settlement will become null and void.  In such case, the Settlement shall not be used or be admissible in any subsequent proceedings, either in this Action, this Court, or any other court or forum.

## XIII.  SIGNATORIES

69.    The respective signatories to the Settlement represent that he, she, or they are fully authorized to enter into this Settlement and bind the respective Parties to its terms and conditions.

70.    The Parties agree that because the Class Members are so numerous, it is impossible or impractical to have each Class Member execute this Settlement.  The Notice will advise all Class Members of the binding nature of the release.  Excepting only the Class Members who submit a valid and timely Request for Exclusion, this Agreement shall have the same force and effect as if it were executed by each Class Member.

## XIV.  MUTUAL FULL COOPERATION

71.    **Cooperation to Implement Settlement**:  The Parties agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to executing such documents and taking such other actions as may reasonably be necessary to implement the terms of the Settlement.  The Parties will use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate the terms of the Settlement.

72.    **Disputes**:  Any dispute between the Parties concerning the interpretation or implementation of this Agreement will be resolved by the Court.  Prior to any such resort to the

Court, counsel for the Parties will confer in good faith to resolve the dispute.  If the parties are unable to resolve the dispute themselves, the dispute will be submitted to Hon. Leo S. Papas (Ret.) for mediation before being submitted to the Court, unless the Parties agree otherwise.

## XV.  NO PRIOR ASSIGNMENTS

73.     The Parties represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or right released and discharged in this Settlement.

## XVI.  NO ADMISSION OF LIABILITY

74.     Nothing contained in this Settlement shall be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant.  Each of the Parties has entered into this Settlement with the intention to avoid further disputes and litigation, and the attendant inconvenience and expense.  This Settlement shall be inadmissible in evidence in any action or proceeding, except an action or proceeding to approve, interpret, or enforce its terms.

## XVII.  FAIR, ADEQUATE, AND REASONABLE SETTLEMENT

75.     The Parties agree that the Settlement, as set forth herein, is fair, adequate, and reasonable, and will so represent it to the Court.

## XVIII.  NOTICES

76.     Unless otherwise specifically provided herein, all notices, demands, or other communications given hereunder shall be in writing and shall be sent by electronic mail or hand delivery as follows:

    (a)    To Plaintiff and/or the Class:

        Myles McGuire
        MCGUIRE LAW, P.C.
        55 W. Wacker Drive, 9th Floor
        Chicago, Illinois 60601
        Telephone: (312) 893-7002
        Email:  mmcguire@mcgpc.com

(b)   <u>To Defendant</u>:

> John L. Landolfi
> VORYS, SATER, SEYMOUR AND PEASE LLP
> 52 East Gay Street
> Columbus, Ohio 43215
> Telephone: (614) 464-8390
> Email:  jllandolfi@vorys.com

## XIX.  <u>WAIVER OF APPEALS</u>

77.    The Parties agree to waive all appeals from the Court's final approval of this Settlement, unless the Court materially modifies the Settlement, including any modification of the total settlement amount; provided, however, that Plaintiff may appeal any reduction in the amount of Class Counsel Fees and Litigation Expenses and/or the Class Representative Payment. Any reduction in the amount of Class Counsel Fees and Litigation Expenses and/or the Class Representative Payment will not, however, constitute a material modification of the Settlement and will not be grounds to void the Settlement.

## XX.  <u>COMMUNICATIONS AND DOCUMENTS</u>

78.    The Parties and their counsel agree that they will not publicize the Settlement, issue any press releases, or initiate any contact with the media or any verdict/settlement publicist or database about this case and/or the fact, amount, or terms of the Settlement.  Class Counsel agrees not to post the terms of the Settlement on any social media site. If counsel for either Party receives an inquiry about the Settlement from the media, counsel may respond only that the matter has been resolved.  However, notwithstanding the foregoing, Class Counsel may explain to Settlement Class Members that the Action has been settled and how to obtain settlement benefits when contacted by Settlement Class Members regarding the Settlement and may include this Settlement in any court filings in the future.  This Section shall not be construed to limit or impede the notice requirements of Section V above, nor shall this Section be construed to prevent Class Counsel from notifying or explaining to potential Settlement Class Members or others that this case has settled, the merits of such settlement and how to obtain settlement benefits.

79.     Plaintiff and Class Counsel agree that none of the documents provided to them by Defendant shall be used for any purpose other than prosecution of this case.

## XXI.  INADMISSIBILITY OF SETTLEMENT

80.     Whether or not the Settlement is finally approved, neither the Settlement, nor any of its terms, nor any document, statement, proceeding or conduct related to this Agreement, nor any reports or accounts thereof, shall in any event be:

a.     Construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Released Parties, including, but not limited to, evidence of a presumption, concession, indication or admission by any of the Released Parties of any liability, fault, wrongdoing, omission, concession or damage; or

b.     Disclosed, referred to or offered or received in evidence against any of the Released Parties, in any further proceeding in the Action, or any other civil, criminal or administrative action or proceeding, except for purposes of settling this Action or enforcing the release of claims contained herein pursuant to the terms of this Agreement.

## XXII.  CONSTRUCTION

81.     Cooperation in Drafting:  The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive, arm's length negotiations between the Parties, and that this Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party, or his or its counsel, participated in its drafting.

82.     Applicable Law:  All terms and conditions of this Agreement and its exhibits will be governed by and interpreted according to the laws of the State of California, without giving effect to any conflict of law or choice of law principles.

## XXIII.  CAPTIONS AND HEADINGS

83.     Captions, headings or paragraph titles in this Settlement are a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement or any provision.

## XXIV.  MODIFICATION

84.    This Settlement may not be changed, altered, or modified, except in writing and signed by the Parties, and also approved by the Court if the modification is material.  This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

## XXV.  INTEGRATION CLAUSE

85.    This Settlement contains the entire agreement between the Parties relating to the resolution of the Action.  All other prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written, and whether by a Party or such Party's legal counsel, are merged in this Agreement.  No rights under this Agreement may be waived except in writing.

## XXVI.  BINDING ON ASSIGNS

86.    This Settlement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

## XXVII.  COUNTERPARTS

87.    This Settlement Agreement may be executed by exchange of executed signature pages by Portable Document Format ("PDF") as an electronic mail attachment, and any signature transmitted by PDF via electronic mail for the purpose of executing this Settlement Agreement shall be deemed an original signature for purposes of this Settlement Agreement.   This Settlement Agreement may be executed in several counterparts, each of which shall be deemed to be an original, and all of which, taken together, shall constitute one and the same instrument, which shall be binding upon and effective as to all Parties.

## XXVIII.  INTERIM STAY OF PROCEEDINGS IN ACTION

88.    The Parties agree to hold in abeyance all proceedings in the Action, except such proceedings necessary to implement and complete the Settlement, pending the Final Approval

Hearing.

## XXIX.  <u>JURISDICTION OF THE COURT</u>

89.    Upon final approval of the Settlement, the Court shall retain jurisdiction solely with respect to the interpretation, implementation and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith.  The Parties and their respective counsel submit to the Court's jurisdiction for purposes of interpreting, implementing and enforcing the Settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

## XXX.  <u>EXECUTION BY PARTIES AND COUNSEL</u>

The Parties and their counsel hereby execute this Agreement.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

30950653

DATED:  August ___, 2018          **PLAINTIFF**

By: _____

ANTHONY OLIVER

Plaintiff Anthony Oliver, on behalf of himself and all Class Members

DATED:  August _16_, 2018          **DEFENDANT THE MEN'S WEARHOUSE, INC.**

By: _____

Catherine A. Spicer

Its: _SVP – Deputy Gen. Counsel_

24

DATED:  August 17, 2018

**PLAINTIFF**

By: _____
                    ANTHONY OLIVER

Plaintiff Anthony Oliver, on behalf of himself and all Class Members

DATED:  August ___, 2018

**DEFENDANT THE MEN'S WEARHOUSE, INC.**

By: _____

Its: _____

**APPROVED AS TO FORM:**

DATED: August _12_, 2018

MCGUIRE LAW, P.C.

By _____

Myles McGuire
Eugene Turin
Attorneys for ANTHONY OLIVER, on behalf
of himself and others similarly situated

DATED: August ___, 2018

VORYS, SATER, SEYMOUR AND PEASE
LLP

By _____

John L. Landolfi
Christopher C. Wager
Attorneys for THE MEN'S WEARHOUSE,
INC.

25

**APPROVED AS TO FORM:**

DATED: August ___, 2018               MCGUIRE LAW, P.C.


By  _____
       Myles McGuire
       Eugene Turin
Attorneys for ANTHONY OLIVER, on behalf
of himself and others similarly situated


DATED: August 17, 2018           VORYS, SATER, SEYMOUR AND PEASE
LLP


By  _____
       John L. Landolfi
       Christopher C. Wager
Attorneys for THE MEN'S WEARHOUSE,
INC.

**Exhibits to Settlement Agreement**

***Oliver v. The Men's Wearhouse***

**<u>EXHIBIT A</u>**

## <u>NOTICE OF CLASS ACTION SETTLEMENT</u>

*Anthony Oliver v. The Men's Wearhouse, Inc.*, Case No. 2:16-cv-01100-TJH-AS
(United States District Court for the Central District of California)

*For more information, visit www.Website.com.*
*Para una notificacion en Espanol, visitor www.Website.com.*

**PLEASE READ THIS NOTICE CAREFULLY. YOU MAY BE ENTITLED TO A MERCHANDISE CREDIT WORTH UP TO $20 OR A $10 CASH PAYMENT FROM A CLASS ACTION SETTLEMENT IF YOU RECEIVED MORE THAN THREE TEXT MESSAGES FROM THE MEN'S WEARHOUSE DURING ANY SEVEN-DAY PERIOD FROM OCTOBER 16, 2013 THROUGH _____.**

*This is a court-authorized notice. This is <u>not</u> a solicitation from a lawyer and is <u>not</u> a lawsuit against you. This Notice explains your rights and options and the deadlines to exercise them.*

A settlement ("Settlement") has been proposed in a class action lawsuit titled *Oliver v. The Men's Wearhouse, Inc.*, Case No. 2:16-cv-01100-TJH-AS pending in the United States District Court for the Central District of California (the "Action"). The Action claims that The Men's Wearhouse violated the Telephone Consumer Protection Act ("TCPA") by sending unauthorized text messages to the Class. The Men's Wearhouse denies that it violated the TCPA.

Under the Settlement, you may be entitled to receive one of two awards, at your option:

1. A Voucher Award, which is a $20 merchandise credit voucher that can be used to purchase merchandise at any The Men's Wearhouse retail store. The Voucher is freely transferrable, is good on all merchandise (including sale, discount, or promotional pricing), requires no minimum purchase, and does not expire for one (1) year; or

2. A Cash Award, which is redeemable for $10 in the form of a check mailed to you.

**Your legal rights are affected whether you act or do not act. Please read this entire notice carefully.**

| YOUR RIGHTS AND OPTIONS REGARDING THE SETTLEMENT | |
|---|---|
| **You may:** | <u>**What will happen:**</u> |
| **Receive Settlement Benefits** | If you received notice of the Settlement by email or in the mail, then you were already provided with a Voucher Award, which can be used to purchase merchandise at The Men's Wearhouse retail locations. You may use the Voucher Award at any time and need not do anything else in order to be eligible to use it. However, you have the option of receiving a $10 Cash Award instead of the Voucher Award by following the instructions set forth in this Notice. If you choose the Cash Award, you cannot use the Voucher Award, and your use of the Voucher Award will disqualify you from receiving the Cash Award.<br><br>If you did not receive notice of the Settlement in the mail or by email, then you must follow the instructions set forth in this Notice and submit a Claim |

**QUESTIONS? VISIT [WEBSITE] OR CALL TOLL-FREE 1-999-999-9999.**

| | Form to receive, at your option, either the Cash Award or Voucher Award. |
|---|---|
| **Request to be excluded from the Settlement** | You will not recover anything under this Settlement but will retain any rights you may have over the claims in this Action, subject to the applicable statute of limitations.  See Section 10, below. |
| **Object to the terms of the Settlement** | The Court will consider your objection. If the Court overrules your objection, you will still be bound by the terms of the Settlement. See Section 11, below. |

## BASIC INFORMATION

### 1.   Why did I receive this Notice?

The Court ordered this Notice because you have a right to know about a proposed settlement of a class action of which you may be a member, and to know about your options, before the Court decides whether to approve the Settlement.  This notice explains the Action, the Settlement, your legal rights, the benefits available, who is eligible for them, and how to get them.

The court responsible for the Action is the United States District Court for the Central District of California, and the Action is titled *Anthony Oliver v. The Men's Wearhouse, Inc.*, Case No. 2:16-cv-01100-TJH-AS.  The person who sued is called the Plaintiff and the company he sued, The Men's Wearhouse, Inc. ("The Men's Wearhouse"), is called the Defendant.

### 2.   What is this class action about?

This Action claims that The Men's Wearhouse violated the Telephone Consumer Protection Act, 47 U.S.C § 227 ("TCPA") by sending unauthorized text message advertisements to the Class. The Men's Wearhouse denies that it violated the TCPA.

### 3.   What is a class action and who is involved?

In a class action lawsuit, one or more people called "Class Representatives" sue on behalf of other people who may have similar claims. The Class Representative in this Action is Anthony Oliver. The consumers he seeks to represent are the "Class" or "Class Members." One court resolves the issues for everyone in the Class, except for those people who request to exclude themselves from the Class.

### 4.   Why is this Action being settled?

After good-faith negotiations, the Class Representative and The Men's Wearhouse have agreed to settle this case rather than continue with litigation. The Settlement represents a compromise of highly-disputed claims and is not an admission that The Men's Wearhouse violated the law. The parties and their attorneys believe the Settlement is in the best interests of the Class and the Men's Wearhouse, given the risks and expense of going to trial.

### 5.   Has the Court decided who is right?

No. The Court has not decided anything yet, only that there is sufficient evidence to suggest that the proposed Settlement might be fair, adequate, and reasonable, that any final determination of those issues will be made at the final hearing, and that you should get a copy of this Notice so that you can review

the Settlement and determine whether you want to participate in the Settlement, object to it, or exclude yourself from the Settlement.

---

**6.   Who is the Settlement Administrator?**

The Settlement Administrator is an independent third party appointed by the Court to send this Notice, process and issue settlement checks, and otherwise administer the Settlement.  The Court has approved Epiq Systems, Inc. to be the Settlement Administrator in this case. You may contact the Settlement Administrator to provide updated contact information or ask questions regarding the processing of settlement awards. You may contact the Settlement Administrator at:

Oliver v. The Men's Wearhouse, Inc. Settlement Administrator
c/o Epiq Systems, Inc.

_____

_____

TELEPHONE: _____

EMAIL: _____

You may also visit the settlement website, www.Website.com, for additional information.

## YOUR RIGHTS AND OPTIONS

---

**7.   Am I part of this Class?**

You are part of the Settlement if:

- You consented to receive three (3) text message advertisements per week from The Men's Wearhouse; and

- You were sent *more* than three (3) text message advertisements in any given seven-day period by The Men's Wearhouse from shortcode 66660 during the period from October 16, 2013 through _____.

---

**8.   What does the Settlement generally provide?**

The Settlement provides for The Men's Wearhouse to make available class funds in the amount of up to $1,800,000 (the "Class Funds").  The Class Funds will be made available to Class Members, with each qualifying Class Member being able to receive one of two awards:

- A Voucher Award, which is a $20 merchandise credit voucher that can be used to purchase merchandise at any The Men's Wearhouse retail store. The Voucher is freely transferrable, is good on all merchandise (including sale, discount, or promotional pricing), requires no minimum purchase, and does not expire for one (1) year; or

- A Cash Award, which is redeemable for $10 in the form of a check mailed to you.

Class Members who do not timely request to be excluded from the Settlement will release any claims they might have against The Men's Wearhouse related to any text messages that they may have received from The Men's Wearhouse, including the allegations that were raised in the Action.

**9.   How do I receive money under the Settlement?**

If you received notice of the Settlement by email or in the mail, you do not have to do anything to elect the Voucher Award, which is included in the notice that was sent to you, and you are free to use the Voucher Award at any time prior to expiration.  If you opt to receive the Cash Award instead of the Voucher Award, you must submit a Claim Form, which can be obtained by either visiting the class action website at [WEBSITE] or by calling [800 NUMBER].  The Claim Form must be completely filled out, postmarked or electronically transmitted no later than _____, and the phone number that you provide must match the records of The Men's Wearhouse for the phone numbers that received more than three text message advertisements in a seven-day period during the period from October 16, 2013 through _____.  If you submit a claim form via U.S. mail, you must include the unused Voucher Award.  If you submit the Claim Form electronically, you must refrain from using the Voucher Award and destroy any copies that you may have. Once you use the Voucher Award, you may not also receive a Cash Award.

If you did not receive notice of the Settlement by email or in the mail, then you must submit a Claim Form to receive either the Cash Award or Voucher Award.  The Claim Form can be obtained by either visiting the class action website at [WEBSITE] or by calling [800 NUMBER].  The Claim Form must be completely filled out, postmarked or electronically transmitted no later than _____, and the phone number that you provide must match the records of The Men's Wearhouse for the phone numbers that received more than three text message advertisements in a seven-day period during the period from the period from October 16, 2013 through _____.

**10.  How do I request to be excluded from the Settlement?**

To exclude yourself from the Settlement, you must mail to the Settlement Administrator, a signed request be excluded from the Settlement.  The request must include your name, email address, mailing address, the telephone number at which you received the allegedly unauthorized text message(s), your signature, and a statement that you wish to be excluded from the Class and that you understand that you will not receive any benefit from the Settlement.  The request must also refer to the case – *Oliver v. The Men's Wearhouse, Inc.*, Case No. 2:16-cv-01100-TJH-AS.  The individual requesting to be excluded from the Settlement must personally sign the request.  If you redeem a Voucher Award, your request to be exclusion will be invalidated.

You must mail your signed request for exclusion to the Settlement Administrator postmarked no later than _____ to:

[ADDRESS]

If you do not complete and timely submit a valid request to be excluded from the Settlement, you will be bound by all terms and conditions of the Settlement, including its release of claims. If you do submit a timely and valid request to be excluded, you will no longer be a Class Member, you will not receive any money from the Settlement, and you will be barred from participating in any portion of the Settlement, but you will retain the right to sue The Men's Wearhouse separately for the same legal claims contained in this Action.

**11.  May I object to the Settlement?**

If you believe the Settlement is unfair or inadequate, you may object, personally or through an attorney at your own expense, by mailing a copy of your objection to the Settlement Administrator at the address set forth above in Section 6. You cannot both object to the Settlement and exclude yourself from the Settlement.

Your objection must include: (1) your full name, (2) the phone number at which you allege you received more than three text message advertisements in a seven-day period; (3) your mailing address, (4) in clear concise terms, the reason why you object to the Settlement; (5) whether you intend to appear at the final approval hearing and, if so, (6) any witnesses you may call to testify, and all exhibits you intend to introduce into evidence at the final approval hearing, which shall be attached.  To be effective, your objection must be postmarked no later than _____.

If the Court rejects your objection, you will still be bound by the terms of the Settlement, and you will not then be able to exclude yourself from the Settlement.

## 12. When will I receive my payment?

The Court will hold a Final Approval Hearing on _____, 2018, at _____ a/p.m. at _____ to decide whether to approve this Settlement. The parties cannot accurately predict when (or whether) the Court will give final approval to the Settlement, so please be patient. However, if the Court finally approves the Settlement, you will be paid as soon as possible after the Court order becomes final, which should occur within approximately 60 days after the Settlement has been finally approved. If there is an appeal of the Settlement, payment may be significantly delayed. You may check the progress of the Settlement by visiting [WEBSITE], or you can call the Settlement Administrator at _____.

## 13.  What if I do nothing?

It depends on whether or not you received notice of this Settlement by email or in the mail.  If you received notice by email or in the mail and you do nothing, you will have been deemed to have elected the Voucher Award, and you may use the Voucher Award that was provided with the Notice to purchase merchandise at The Men's Wearhouse, according to the terms printed on the Voucher Award.  If you did not receive notice by email or in the mail and do nothing, you will not receive any payment under the Settlement.

If you do nothing, you will give up any rights you would otherwise have to sue The Men's Wearhouse for the claims described below in Section 22.

## <u>THE LAWYERS REPRESENTING YOU</u>

## 14.  Do I have a lawyer in this Action?

The Court has determined that Myles McGuire, Esq., Evan M. Meyers, Esq., and Eugene Turin, Esq. of McGuire Law, P.C. are qualified to represent you and all Class Members. These lawyers are called "Class Counsel." They are experienced in handling similar cases, and you will not be charged for these lawyers. Their contact information is:

Myles McGuire
Evan M. Meyers
Eugene Y. Turin
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Floor
Chicago, Illinois 60601
Tel: (312) 893-7002
mmcguire@mcgpc.com
emeyers@mcgpc.com
eturin@mcgpc.com

**QUESTIONS? VISIT [WEBSITE] OR CALL TOLL-FREE 1-999-999-9999.**

**15. May I get my own lawyer?**

You do not need to hire your own lawyer because Class Counsel is already working on your behalf. Nonetheless, you may hire your own lawyer if you wish. If you hire your own lawyer, however, you are responsible for paying for that lawyer.

**16. How will Class Counsel be paid?**

You do not have to pay Class Counsel's fees and costs. The fees and expenses that the Court approves will be paid by The Men's Wearhouse. More information about the attorneys' fees and costs is contained in Section 19, below.

## TERMS OF THE SETTLEMENT

**17. What has The Men's Wearhouse agreed to do?**

The Men's Wearhouse has agreed to make available the maximum amount of $1,800,000 for the benefit of the Class Members. In addition to this amount, The Men's Wearhouse will separately pay a Class Representative Payment, Settlement Administration Costs, and Class Counsel's attorneys' fees and costs as awarded by the Court. These payments and their amounts are subject to the Court's approval.

**18. What is a "Class Representative Payment"?**

In class actions such as this one, a court may provide the Class Representative a "Class Representative Payment" in recognition of the time, effort and risks the Class Representative took to prosecute the Action and the Class Representative's execution of a general release of all claims. Mr. Oliver will request that the Court approve a Class Representative Payment of $5,000.00.

**19. How much will the attorneys get?**

Class Counsel and/or Plaintiff will seek approval from the Court for payment of attorneys' fees and costs in an amount up to 25% of the amount made available to Class Members, an amount not to exceed $450,000. This amount, if approved by the Court, is separate and apart from any amount made available to Class Members. Class Counsel believes the amount they are requesting for attorneys' fees and costs are fair and reasonable. The Men's Wearhouse will not oppose the request for this amount. Class Members are not personally liable for any fees and costs.

**20. How much will it cost to administer the Settlement?**

It is estimated that it will cost approximately $_____ for the Settlement Administrator to fully administer the Settlement. These costs are referred to as "Settlement Administration Costs."

**21. How will the Settlement funds be distributed?**

If you received notice of the Settlement by email or in the mail, the Voucher Award was included with your Notice and, if you wish to elect the Voucher Award instead of the Cash Award, you are free to redeem your Voucher Award and need not take any additional steps. If you need to submit a Claim Form – either because you would prefer the Cash Award instead of the Voucher Award, or because you did not receive notice of the Settlement by email or by (see Section 9 above), then the Settlement Administrator will need to first determine whether your Claim Form is valid, complete, timely, and whether you qualify as a Class Member. If you are deemed eligible, a check or voucher will be mailed to you within approximately 45 days of the final approval of the Settlement.

**QUESTIONS? VISIT [WEBSITE] OR CALL TOLL-FREE 1-999-999-9999.**

## RELEASE OF CLAIMS

| 22.  What claims are being released as part of the Settlement? |
|---|

If you do not submit a timely request to be excluded from the Settlement, you will be giving up your right to bring a legal claim against The Men's Wearhouse for the same claims, or similar claims, as those encompassed by this Action, whether you know about those claims or not. Specifically, the parties' Settlement Agreement provides:

> Upon Final Approval, all Participating Class Members shall be deemed to hereby fully and irrevocably release, waive, and discharge Defendant, along with its former and present parents, subsidiaries, divisions, and affiliated companies, and its respective officers, directors, employees, partners, shareholders, agents, successors, assigns and legal representatives of and from any and all claims, rights, demands, liabilities, penalties and causes of action, whether known or unknown, including damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, arising from, related to or based on claims arising out of or relating to any text messages sent by, or on behalf of, The Men's Wearhouse from October 16, 2013 through [PRELIMINARY APPROVAL DATE], including without limitation claims which were or could have been asserted in the Action.

## FINAL SETTLEMENT APPROVAL HEARING

| 23.  When will the Court consider whether to finally approve the Settlement? |
|---|

The Court will hold a Final Approval Hearing on _____, 2018 at ___ a/p.m. at _____ to decide whether to finally approve the Settlement as fair, reasonable, and adequate.  At that time, the Court also will be asked to approve Class Counsel's request for attorneys' fees and costs, and the Class Representative Payment.

**It is not necessary for you to appear at this hearing.** If you have timely submitted an objection to the Settlement and a notice of intent to appear, you may appear at the hearing to argue your objection to the Court, or have an attorney represent you at the hearing at your own expense.

The hearing may be postponed without further notice to the Class. If the Settlement is not approved, the Action will continue to be prepared for trial or other judicial resolution.

## FURTHER INFORMATION

| 24. How do I get more information? |
|---|

This Notice provides a summary of the basic terms of the Settlement.  If you have more questions about this Notice or this Action, you can visit the settlement website at www.Website.com, or you can call the Settlement Administrator at 1-999-999-999.

**IMPORTANT:**

1.      PLEASE DO NOT TELEPHONE THE COURT OR COUNSEL FOR THE MEN'S WEARHOUSE FOR INFORMATION REGARDING THIS SETTLEMENT OR THE CLAIMS PROCESS.

2.  **If you move to a different address, please send the Settlement Administrator your new address. It is your responsibility to keep a current address on file with the Settlement Administrator to ensure receipt of your settlement payment.**

**QUESTIONS? VISIT [WEBSITE] OR CALL TOLL-FREE 1-999-999-9999.**

**<u>EXHIBIT B</u>**

**QUESTIONS? VISIT [WEBSITE] OR CALL TOLL-FREE 1-999-999-9999.**

## <u>SUMMARY NOTICE OF CLASS ACTION SETTLEMENT</u>

**PLEASE READ THIS NOTICE CAREFULLY. YOU MAY BE ENTITLED TO A MERCHANDISE CREDIT WORTH UP TO $20 OR A $10 CASH PAYMENT FROM A CLASS ACTION SETTLEMENT IF YOU RECEIVED MORE THAN THREE TEXT MESSAGES FROM THE MEN'S WEARHOUSE DURING ANY SEVEN-DAY PERIOD FROM OCTOBER 16, 2013 THROUGH _____.**

*This is a court-authorized notice. This is <u>not</u> a solicitation from a lawyer and is <u>not</u> a lawsuit against you. This Summary Notice summarizes your rights and options and the deadlines to exercise them.*

*For more information, visit www.Website.com.*
*Para una notificacion en Espanol, visitor www.Website.com.*

A settlement ("Settlement") has been proposed in a class action lawsuit titled *Oliver v. The Men's Wearhouse, Inc.*, Case No. 2:16-cv-01100-TJH-AS pending in the United States District Court for the Central District of California (the "Action"). The Action claims that The Men's Wearhouse violated the Telephone Consumer Protection Act ("TCPA") by sending unauthorized text messages to the Class. The Men's Wearhouse denies that it violated the TCPA.

Under the Settlement that was reached to resolve this case, you may be entitled to receive one of the following awards, at your option:

1. A Voucher Award, which is a $20 merchandise credit voucher that can be used at any The Men's Wearhouse retail store. The Voucher is freely transferrable, is good on all merchandise (including sale, discount, or promotional pricing), requires no minimum purchase, and does not expire for one (1) year; or

2. A Cash Award, which is redeemable for $10 in the form of a check mailed to you.

To elect the Voucher Award, simply present the attached Voucher at any Men's Wearhouse retail location. You do not need to take any further action.

To elect the Cash Award, you must submit a claim form, which can be obtained by either visiting the class action website at [WEBSITE] or by calling [800 NUMBER]. *You cannot elect both the Voucher and Cash Awards, and any redemption of the Voucher Award will disqualify you from receiving the Cash Award.* Your complete and valid claim form must be postmarked or electronically submitted no later than _____ to be considered timely. If you submit a claim form via U.S. mail, you must include the unused Voucher Award. If you submit the claim form electronically, you must refrain from using the Voucher Award and destroy any copies that you may have. Any Voucher Award may be deactivated upon a Class Member's election of the Cash Award.

To exclude yourself from the Action and Settlement, you must submit a signed request to be excluded from the Settlement by mail, postmarked no later than _____ to the settlement administrator at:

[ADDRESS]

The request for exclusion must include your name, address, the telephone number at which you received the allegedly unauthorized text message(s), your signature, and a statement that you wish to be excluded from the Class and that you understand that you will not receive any money from the

**QUESTIONS? VISIT [WEBSITE] OR CALL TOLL-FREE 1-999-999-9999.**

Settlement.  The request must also refer to the case – *Oliver v. The Men's Wearhouse, Inc.*, Case No. 2:16-cv-01100-TJH-AS.  The individual requesting to be excluded from the Settlement must personally sign the request.

You can also object to the Settlement by complying with the applicable procedures contained in the Notice of Class Action Settlement no later than _____, a copy of which is available by either visiting the class action website at [WEBSITE] or by calling [800 NUMBER].

**QUESTIONS? VISIT [WEBSITE] OR CALL TOLL-FREE 1-999-999-9999.**

**<u>EXHIBIT C</u>**

**QUESTIONS? VISIT [WEBSITE] OR CALL TOLL-FREE 1-999-999-9999.**

*Oliver v. The Men's Wearhouse Class Action Settlement*

# CLAIM FORM

***Please complete the claim form below and return it by one of the following methods:***

1. Online by visiting www.Website.com and completing an online claim form no later than midnight, U.S. Eastern Standard Time, on [Date]; OR

2. By mailing via U.S. mail a completed and signed claim form to the Settlement Administrator, postmarked no later than [Date], and addressed to:

[ADDRESS]

### A.  Name and Address Information

Full Name:                    _____
Home Street Address:          _____
City, State, Zip Code:        _____
Email Address (optional):     _____
Telephone Number:             _____

### B.  Text Message Information

I consented to receive three text message advertisements per week from The Men's Wearhouse, but I was sent more than three (3) text message advertisements in a seven-day period by The Men's Wearhouse from the phone number 66960 during the period from October 16, 2013 through _____, on the following telephone number(s):

_____          _____

### C.  Election of Class Award

Please indicate whether you wish to receive the $10 Cash Award or $20 Voucher Award. Please mark only 1 of the options (if you already received the Voucher Award but wish to claim the Cash Award instead, please check "$10 Cash Award" below, and do not redeem the Voucher Award, which will disqualify you from receiving the Cash Award):

_____ $10 Cash Award         _____ $20 Voucher Award

### D. Verification of Information

I hereby verify that the information above is true and accurate. I also certify that, in at least one instance, I was sent more than 3 text message advertisements in a seven-day period by The Men's Wearhouse from the phone number 66960 during the period from October 16, 2013 through _____ and that any such additional text message advertisements were not sent with my prior express written consent.

_____          _____
Signature                                Date

**QUESTIONS? VISIT [WEBSITE] OR CALL TOLL-FREE 1-999-999-9999.**